UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KENNETH WHITE, ADC #154694                                      PLAINTIFF

V.                          NO. 5:18-CV-00193-BSM-JTR

WENDY KELLEY, Director,
Arkansas Department of Correction                               DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I.     Discussion

Plaintiff Kenneth White ("White"), an inmate in the custody of the Arkansas Department of Correction, filed a *pro se* 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus, and a Brief in Support, alleging that he is now being wrongfully incarcerated within the ADC after the expiration of his sentence. *Docs. 1-3*. In

screening the Petition, the Court ordered White to show cause why his habeas Petition should not be dismissed, without prejudice, for failure to exhaust his state-court remedies.[1] *Doc. 4*. White has filed an Answer to the Show Cause Order. *Doc. 5*.  For the following reasons, the Court recommends dismissing the habeas Petition, without prejudice.

In his Answer to the Show Cause Order, White states that he "believes that he has tried to exhaust his available state remedies by writing grievances and writing" numerous ADC officials, state circuit court clerks, and Governor Hutchinson. *Doc 5, p. 2*. The documents White seeks to rely on in no way are sufficient to establish that he has exhausted his available state court remedies.

As the Court explained in the Show Cause Order, the State of Arkansas has specific statutory remedies that allow a state prisoner to challenge the computation of his sentence. *Doc. 4, p.* 3. Those statutory remedies *require* White to file, *in state court*, a "petition for declaratory judgment and writ of mandamus," which challenges the computation of his sentence. This petition must be filed by White in Jefferson County Circuit Court, against "Wendy Kelley, Director, Arkansas Department of Correction," and the ADC "keeper of the records" that calculated his sentence.

---

[1] As explained in the Show Cause Order, a habeas petitioner must exhaust his available state-court remedies *before* he can properly initiate a federal habeas action. 28 U.S.C. § 2254(b)(1)(A). A federal court, in screening a habeas action, is permitted to raise the issue of exhaustion, *sua sponte*. *McCartney v. Vitek*, 902 F.2d 616, 617 (8th Cir. 1990).

*Houston v. State*, No. CR 02-1333, 2003 WL 1950248, at *1 (Ark. Apr. 24, 2003) (citing *Wiggins v. State*, 299 Ark. 180, 771 S.W.2d 759 (1989)). If the Jefferson County Circuit Court does not grant White relief on his "petition for declaratory relief and writ of mandamus" challenging the computation of his sentence, he must then appeal to the Arkansas Supreme Court. Only after exhausting these available state court remedies, can White properly initiate a federal habeas action.

White also claims that he "refused to file a *Habeas Corpus* in the Arkansas Supreme Court ... in fear that the court would prolong his hearing past his unlawful discharge date, December 22, 2018."[2] *Doc. 5, p. 4*. A petitioner is not allowed to bypass the exhaustion requirement in *anticipation* that his efforts in state court may be futile. White's subjective fears do not excuse his failure to exhaust or render the state remedy futile.

White's remaining arguments relate to the merits of his claim. *Doc. 5, pp. 2-4*. Because he has failed to exhaust his state court remedies, the Court will not address them at this time.[3]

---

[2] White previously filed a state habeas action in Hot Spring County. *White v. Kelley*, Hot Spring County Circuit Court No. 30CV-17-462 (May 1, 2018). That case was dismissed, and he filed a notice of appeal. White appears to have abandoned that action out of fear that any relief would come too late. However, as explained above, no relief is available to him in Hot Spring County and appealing that case to the Arkansas Supreme Court is not the appropriate action to take in challenging his sentence calculation.

[3] This Order is not a determination on the merits of White's federal habeas claims. Thus, if White properly exhausts his state court remedies and then elects to file a habeas action challenging the computation of his sentence, it will not constitute a successive petition. *Burton v.*

## II. Conclusion

IT IS THEREFORE RECOMMENDED THAT White's 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus be DISMISSED, without prejudice.

DATED this 23rd day of August, 2018.

*[signature: J. Thomas Ray]*
_____
UNITED STATES MAGISTRATE JUDGE

---

*Stewart*, 549 U.S. 147 (2007) (A habeas petition filed after an initial petition is dismissed without adjudication on the merits for failure to exhaust state remedies is not a second or successive petition.).